UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. EDWIN GVALEVECH et al., <br><br> Plaintiffs, <br><br> v. <br><br> KROGER SPECIALTY PHARMACY, INC. et al., <br><br> Defendants. | Case No. 2:17-cv-02141 SB (Ex) <br><br> **[PROPOSED] ORDER GRANTING ALL DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are the motions of Defendants Kroger Specialty Pharmacy, Inc. ("KSP"), Kroger Specialty Pharmacy CA2, LLC ("KSP CA2") (together the "Kroger Defendants"), ERL Medical Corporation ("ERL") and Dr. Emmanuel R. Lim (together with ERL, the "Lim Defendants") for summary judgment on all claims brought by Plaintiff-Relator Edwin Gvalevech. For the following reasons, the Defendants are entitled to summary judgment and their motions are GRANTED.

Gvalevech alleges that the Kroger Defendants violated the False Claims Act, 31 U.S.C. § 3729(a)(1) *et seq.* and the California False Claims Act, Cal. Gov't Code §

1

12650 *et seq.*, by providing copay waivers, prior authorization services, and other remuneration to pharmacists, including the Lim Defendants, who referred their prescriptions to the Kroger Defendants. Gvalevech alleges this was done in violation of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b, and the Stark Law, 42 U.S.C. § 1395nn, rendering their claims for government reimbursement false. Gvalevech also alleges that Defendants submitted false claims for medically unnecessary opioid prescriptions, concealed an obligation to repay money to the government, and retaliated against him for his fraud complaints.

To establish a violation of the FCA, Relator must have evidence establishing: "(1) a false statement or fraudulent course of conduct, (2) made with the [requisite] scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1114 (9th Cir. 2020). The requirements are the same for the California FCA. *Bailey v. Gatan, Inc.*, 783 F. App'x 692, 693-94 (9th Cir. 2019).

Relator cannot support his claims. As an initial matter, KSP CA2 is entitled to summary judgment because it has been dissolved and, as a Delaware entity governed by Delaware law, *Shawn-Sharhan LLC v. COMM 2006-FL12 California SPE Ltd. P'ship*, No. 2:19-cv-06505, 2021 WL 8651070, at * 1 (C.D. Cal. June 29, 2021), KSP CA2 lacks the capacity to be sued, 6 Del. C. § 18-803(b). Gvalevech argues KSP CA2 has waived this argument by concealing its dissolution, but the Court has previously found that the Kroger Defendants disclosed the dissolution during discovery and Gvalevech was not diligent in investigating it. Dkt. 140. KSP CA2 is entitled to summary judgment for that reason alone.

KSP is entitled to summary judgment as well because there is no evidence that KSP had any role in the alleged fraudulent course of conduct. KSP is a separate company from KSP CA2 and sits in a different part of the corporate hierarchy. It is not a direct parent of KSP CA2. There is no evidence that any KSP employee participated in the acts at issue. "[T]he separate corporate identity . . . is the foundation of corporate

law." *Katzir's Floor and Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004). Relator has presented no facts that would justify piercing the multiple corporate veils between KSP CA2 and KSP. There is no unity of interest and ownership between the two. KSP is entitled to summary judgment.

Alternatively, the Kroger Defendants are entitled to summary judgment on the merits as well. First, Relator has failed to establish any causal connection between the alleged kickbacks and false claims submitted to the government, a requirement of proving an FCA violation based on the AKS. 42 U.S.C. § 1320a-7b(g); *United States ex rel. Chao v. Medtronic PLC*, No. 2:17-cv-01903-MCS-SS, 2021 WL 4816647, at *5 (C.D. Cal. Apr. 12, 2021). The testimony establishes that the doctors did not even know that their copays were being waived, which precludes any causal link between the copay waivers and claims submitted. This fact also shows a lack of scienter, as the AKS requires proof that the defendants knew their conduct was unlawful. 42 U.S.C. § 1320a-7b(b)(2). This knowledge standard is higher than that for the False Claims Act because it requires knowledge of illegality. *United States ex rel. Gohil v. Sanofi U.S. Servs., Inc.*, 500 F. Supp. 3d 345, 360 (E.D. Pa. 2020). If the Kroger Defendants did not even tell Dr. Lim and the other doctors about the supposed kickbacks, no reasonable jury could find that Defendants acted with the requisite scienter.

Relator claims that the Kroger Defendants submitted false claims for medically unnecessary opioid prescriptions, but all the evidence shows is a disagreement between Gvalevech and the doctors over clinical judgments. Without more, such a disagreement cannot render claims false. *Winter ex rel. United States v. Gardens Reg'l Hosp. and Med. Ctr.*, 953 F.3d 1108, 1118-19 (9th Cir. 2020). Furthermore Relator has no evidence that any of the allegedly false claims were material to the Government's payment decision. The materiality requirement is "rigorous," *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 181 (2016) and lends itself to summary judgment, *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 333 (9th Cir. 2017).

Relator raised these complaints to government agencies, including the DEA and representatives from the California Board of Pharmacy, before filing suit and in each case the government took no action. And after filing this suit and disclosing his allegations, the government took no action. The Government's silence and inaction is strong evidence that it did not consider these alleged violations material. *United States ex rel. Lewis v. Cal. Inst. of Tech.*, No. 2:18-cv-05964, 2021 WL 1600488, at * 10 (C.D. Cal. Apr. 19, 2021).

Because Gvalevech cannot prove his direct FCA claims, he likewise cannot prove his reverse FCA claim. *United States ex rel. Godecke v. Kinetic Concepts, Inc.*, No. CV 08-6401, 2016 WL 11688146, at * 13 (C.D. Cal. Dec. 29, 2016). And finally Gvalevech cannot prove his FCA retaliation claim because the Kroger Defendants eliminated his position as part of a standard reduction in force caused by reduced hours at the pharmacy, which is a legitimate, non-discriminatory reason for the employment decision. *Lillie v. ManTech Int'l Corp.* No. 2:17-cv-02538, 2018 WL 6133706, at * 6-7 (C.D. Cal. Sept. 24, 2018); *see also Erickson v. Biogen, Inc.*, 417 F. Supp. 3d 1369, 1385-86 (W.D. Wash. 2019).

For the foregoing reasons, the Defendants' motions for summary judgment are GRANTED.

Dated:

Stanley Blumenfeld, Jr.
United States District Judge